T.C. Summary Opinion 2007-104

UNITED STATES TAX COURT

KEVIN CLARE AND SARAH LOUISE MOORE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18169-04S.                     Filed June 21, 2007.

Kevin Clare and Sarah Louise Moore, pro sese.

Michael L. Boman, for respondent.

GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $6,969 for the taxable year 2002. The issues for decision are whether petitioners are subject to the alternative minimum tax provided by section 55 and interest on the liability at issue.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Columbia, Missouri.

Petitioners reported adjusted gross income of $405,807, including a long-term capital gain of $342,263, on their 2002 Federal Income Tax return. They computed tax on the capital gain at the maximum capital gains tax rate for 2002, 20 percent. They did not, however, compute or report alternative minimum tax. Respondent sent petitioners a notice of deficiency in which respondent determined that petitioners were subject to alternative minimum tax on the long-term capital gain resulting in a deficiency in the amount of $6,969.

After receiving the notice of deficiency, petitioners contacted the Internal Revenue Service's (IRS) local office, where they reviewed the figures on their 2002 return with an agent. It was during this phone call that petitioners believed that there was a discrepancy between the figures in the IRS's

records and their return.  The representative, who was reading the figures from records kept in the IRS's computer database, explained that she did not have petitioners' actual return in that office, and that the reason for the discrepancy was due to proposed adjustments made by the Commissioner to petitioners' return.  Petitioners replied that they had not previously received notice of those adjustments, and that the notice of deficiency was their first indication of a potential change in their 2002 income tax.

## Discussion

Petitioners' challenge to the proposed deficiency is two-fold.  First, petitioners testified at trial that the alternative minimum tax should not apply to them because "[lines 1 and 9[1] of Form 6251, Alternative Minimum Tax Computation] should be zero" and not, $397,775, the amount petitioners believe that the IRS arrived at.  Petitioners contend that this discrepancy is just one example in a string of unexplained discrepancies since their receipt of the notice of deficiency, and a symptomatic example of why respondent's computation should not be afforded credence by this Court.  Second, petitioners maintain that the alternative minimum tax, as applied to them, is inherently unfair because

---

[1] We believe that petitioners meant to say line 39 on Form 1040.

Congress never intended the tax to apply to taxpayers "in [their] situation."

Petitioners could not point out, with specificity, any other discrepancies in figures between themselves and respondent other than their repeated references to the aforementioned telephone conversation that they had with respondent's agent. Moreover, petitioners admitted under cross-examination that they did, in fact, agree to the alternative minimum tax reported on the computation that respondent's Appeals Office calculated for them, and that was stipulated and received into evidence in this case as Exhibit 3-R.

Finally, petitioner husband concluded his testimony at trial with the following: "I was willing, after seeing their computations, I was willing to admit that I probably did owe alternative minimum tax even though the IRS didn't do a good job in proving that to me. I proved it to myself essentially."

Based on petitioners' admission, and our review of respondent's computation, we hold that petitioners are subject to the alternative minimum tax provided under section 55.

As to petitioners' argument that this Court should relieve them of their tax obligations because "it would be unfair to apply the alternative minimum tax to people like [them]," we begin by addressing the event which triggered application of the alternative minimum tax; in this case, the sale of petitioners'

farm property. Since petitioners apparently did not purchase another residence within 12 months, they were required to report and accordingly, pay tax on, the proceeds from the sale as long term capital gain. While we sympathize with the fact that petitioners are middle-income taxpayers who, without the proceeds of sale, would not otherwise be subject to the alternative minimum tax, we cannot change the facts, nor the statute, to provide them with equitable relief. The triggering event in this case was a one-time sale, making petitioners subject to the alternative minimum tax. It is simply beyond the purview of this Court to decide otherwise.

We also remind petitioners that this Court has consistently and repeatedly rejected challenges to proposed deficiencies based on the fairness of the alternative minimum tax. Kenseth v. Commissioner, 259 F.3d 881 (7th Cir. 2001), affg. 114 T.C. 399 (2000); Merlo v. Commissioner, 126 T.C. 205 (2006); see also Alexander v. IRS, 72 F.3d 938 (1st Cir. 1995), affg. T.C. Memo. 1995-51; Okin v. Commissioner, 808 F.2d 1338 (9th Cir. 1987), affg. T.C. Memo. 1985-199; Warfield v. Commissioner, 84 T.C. 179 (1985); Huntsberry v. Commissioner, 83 T.C. 742 (1984). Accordingly, we sustain respondent's proposed deficiency.

Finally, as to the issue of interest, petitioner did not either formally request an abatement of the interest on the liability at issue as required under section 6404(e), nor did he

argue that the interest on the liability was the result of error or delay on the part of an employee of the Internal Revenue Service.  Sec. 6404(e).  Therefore, we have no jurisdiction over this matter.

Decision will be entered

for respondent.